UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL LARKE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 10-12148-JLT |
| | * |
| DEPARTMENT OF REVENUE CHILD | * |
| SUPPORT, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM

May 17, 2011

TAURO, J.

I. Introduction

This action stems out of pro se Plaintiff Paul Larke's claim against the Department of Revenue Child Support ("DOR"), Laura Reyes, Nancy Shine, and Susan M. Robak[1] (collectively, "Defendants") for alleged violations of the Due Process Clause of the Constitution, the Servicemen's Civil Relief Act ("SCRA")[2], and the Freedom of Information Act ("FOIA").[3] Presently at issue are the DOR and Shine's Motion to Dismiss the Complaint [#8] and Plaintiff's Motion for an Injunction to Have DOR Disclose Public Records [#12]. For the following reasons, the DOR and Shine's Motion to Dismiss the Complaint is ALLOWED and Plaintiff's Motion for an Injunction to Have DOR Disclose Public Records is DENIED.

---

[1] According to Defendants, the "DOR is unaware of a DOR employee named 'Susan Robak.' To date, there is no indication on the docket that defendant Susan Robak has been served with the complaint." Dep't Revenue & Att'y Nancy Shine's Mem. Law Supp. Their Mot. Dismiss Compl., 2 n.1 [#9] [hereinafter Defs.' Mem.].

[2] 50 U.S.C. App. § 501 et seq.

[3] 5 U.S.C. § 552.

II. Background[4]

In 1990, the DOR, on behalf of Reyes, filed a lawsuit for child support against Plaintiff in Brockton District Court.[5] The DOR did not properly serve Plaintiff with the summons or complaint.[6] Reyes and, representing the DOR, Robak, filed an Absent Parent Affidavit in bad faith. It stated that Plaintiff was not an active duty member of the military[7] when, in fact, Plaintiff was on active duty in the Navy from September 5, 1990 to January 11, 1993.[8] The DOR did not appoint an attorney to represent Plaintiff, to ascertain whether he was in the military, or to request a stay on his behalf.[9]

On September 13, 1990, the Brockton District Court entered a default judgment against Plaintiff adjudicating him the father of Tesia Larke ("Tesia") and establishing child support of seventy-five dollars per week to be made by wage assignment.[10] Plaintiff alleges that the entrance of default judgment in this manner was improper under the SCRA.[11] Later, when Plaintiff was no longer on active duty, the DOR refused to vacate or set aside the default judgment to allow

---

[4] Because the issues analyzed here arise in the context of a Motion to Dismiss, this court presents the facts as they are related in Plaintiff's complaint, see Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[5] Compl., Ex. 1, 1 [#1].

[6] See Compl. ¶ 9 [#1].

[7] See Compl. ¶ 8 [#1].

[8] Compl., Ex. 1, 5 [#1].

[9] See Compl. ¶¶ 10–11 [#1].

[10] Compl., Ex. 1, 1 [#1].

[11] See Compl. ¶¶ 6–12 [#1].

2

Plaintiff to defend the action, also in violation of the SCRA.[12]

In 1995, the DOR filed another lawsuit against Plaintiff in Worcester District Court.[13] That lawsuit sought both an adjudication that Plaintiff was the father of Darryn J. Larke ("Darryn") and the establishment of child support for Darryn's welfare.[14] The lawsuit was dismissed.[15] Nevertheless, the DOR adjudicated Plaintiff the father of Darryn and issued an order to withhold income for child support for both Darryn and Tesia.[16]

Upon a request by Plaintiff, the DOR's attorney, Shine, transferred "the files" from Brockton District Court to Family and Probate Court.[17] Shine did not give notice of the transfer to Plaintiff.[18] Shine also refused to disclose the DOR's public records after a written request from Plaintiff, in violation of FOIA.[19]

III. Discussion

1. Sovereign Immunity

Eleventh Amendment sovereign immunity bars any "suit in which the State or one of its agencies or departments is named as the defendant,"[20] unless the state has consented to suit or

---

[12] See Compl. ¶ 12 [#1].

[13] Compl. ¶ 13 [#1]; Compl., Ex. 1, 6 [#1].

[14] Compl. ¶ 13 [#1]; Compl., Ex. 1, 6 [#1].

[15] Compl. ¶ 14 [#1].

[16] Compl. ¶ 15 [#1].

[17] Compl. ¶ 16 [#1]. Plaintiff does not identify "the files."

[18] Compl. ¶ 17 [#1].

[19] Compl. ¶ 18 [#1].

[20] Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

waived immunity, or Congress has abrogated the state's immunity.[21] In the absence of consent, waiver, or abrogation, the "case law is explicit that sovereign immunity bars any action in which a state agency is named as a defendant."[22] Successful invocation of sovereign immunity creates a "jurisdictional bar" that prevents a suit from being heard in federal court.[23]

Sovereign immunity "extends to any entity that is an 'arm of the state.'"[24] The inquiry is thus whether the entity "is sufficiently a part of the central government to be considered an arm of the state."[25] If it is unclear whether an entity is an arm of the state, the First Circuit has provided further guidance: if "'the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit.'"[26]

---

[21] Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); see also U.S. Const. amend. XI.

[22] Edelman v. Jordan, 415 U.S. 651, 663 (1974).

[23] Pennhurst, 465 U.S. at 100.

[24] Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002) (quoting Plaintiffs' Steering Comm. v. Tourism Co. of P.R. (In re San Juan Dupont Plaza Hotel Fire Litig.), 888 F.2d 940, 942 (1st Cir. 1989)).

[25] Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir. 1993). The holding of Metcalf was modified by Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56 (1st Cir. 2003).

[26] Metcalf, 991 F.2d at 939 (quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945)). If it is not clear whether any judgment against a party will be paid out of the state treasury, the First Circuit has identified several factors to determine whether an entity is an "arm of the state" entitled to immunity. Those factors are: "'(1) whether the agency has the funding power to enable it to satisfy judgments without direct state participation or guarantees; (2) whether the agency's function is governmental or proprietary; (3) whether the agency is separately incorporated; (4) whether the state exerts control over the agency, and if so, to what extent; (5) whether the agency has the power to sue, be sued, and enter contracts in its own name and right; (6) whether the agency's property is subject to state taxation; and (7) whether the state

Here, Plaintiff's claims against the DOR are barred by sovereign immunity. The DOR is an agency of the Commonwealth of Massachusetts.[27] Although the DOR has not alleged particular facts suggesting that any judgment will ultimately be drawn from the state treasury, the DOR operates under the control of the Commonwealth, is part of the central government, and is clearly an arm of the state. Plaintiff does not allege that the DOR consented to be sued in federal court or that the DOR waived its immunity.[28] Because the DOR is an arm of the state and has invoked its sovereign immunity, this court dismisses Plaintiff's claims against the DOR.[29]

2. The Claims Against Shine

The Eleventh Amendment also protects state officials sued for actions taken in their official capacities from all claims for money damages. The doctrine of Ex Parte Young,[30] "permitting federal courts to grant injunctive relief against state officers for violations of federal law, [does] not extend to the award of money damages."[31] Although the doctrine of Ex Parte Young allows claims for prospective, equitable relief, the Eleventh Amendment protects a state official from suit for monetary damages for actions taken in one's official capacity even if those

---

has immunized itself from responsibility for the agency's acts or omissions.'" Wojcik, 300 F.3d at 99 (quoting Metcalf, 991 F.2d at 939–40).

[27] See G.L. ch. 14, § 1 et seq. (establishing the Department of Revenue and outlining the scope of its authority).

[28] Likewise, Plaintiff's claim under 42 U.S.C. § 1983 does not abrogate a state's sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 345 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.").

[29] As Defendants have argued, there are additional reasons to dismiss the claims against the DOR. See Defs.' Mem., 5–12 [#9]. This court finds it unnecessary to reach those arguments.

[30] 209 U.S. 123 (1908).

[31] Doucette v. Ives, 947 F.2d 21, 30 (1st Cir. 1991).

5

actions were illegal under federal law.[32]

Here, Plaintiff's claims against Shine, to the extent that they seek money damages, are barred by the Eleventh Amendment. Shine, as a DOR attorney, is a state official. And the only relief Plaintiff has requested in his Complaint is roughly 1.5 million dollars in money damages.[33] This claim is thus barred by the Eleventh Amendment.

3.   Injunctive Relief

Although the Complaint contains no request for injunctive relief, Plaintiff has filed a motion for an injunction. To the extent that any portion of the Complaint cannot be dismissed as outside the scope of Ex Parte Young, the claims against Shine should be dismissed because Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'"[34] To state a claim under § 1983, a plaintiff must demonstrate two elements: "the existence of a federal constitutional or statutory right" and "deprivation of that right by a person acting under color of state law."[35]

---

[32] Papasan v. Allain, 478 U.S. 265, 278 (1986) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true if the relief is expressly denominated as damages." (citation omitted)); Green v. Mansour, 474 U.S. 64, 68 (1985) ("[C]ompensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."); Doucette, 947 F.2d at 30.

[33] See Compl. ¶ 19 [#1].

[34] Rockwell v. Cape Cod Hosp., 26 F.3d 254, 256 (1st Cir. 1994) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)).

[35] Id.

6

Plaintiff's § 1983 claim against Shine fails because Plaintiff has failed to allege that Shine, acting under color of state law, deprived Plaintiff of a federal right. Plaintiff has alleged that Shine violated the FOIA by not releasing public records upon Plaintiff's request.[36] Plaintiff also appears to allege that Shine failed to provide notice to Plaintiff that his case was being transferred from District Court to Probate and Family Court.[37] Plaintiff appears to be suggesting that Shine's failure to provide notice of the transfer amounted to a violation of Plaintiff's procedural due process rights.

Shine's alleged conduct, even if true, did not deprive Plaintiff of a federal right. Shine's conduct could not have violated the FOIA because neither the DOR nor Shine is subject to the FOIA. The FOIA does not apply to state agencies or their employees. Rather, the FOIA "applies only to federal executive branch agencies."[38] Because Shine could not have violated the FOIA, Plaintiff was not denied a federal statutory right.

Likewise, the allegations, even if true, could not amount to a due process violation by Shine. Shine is an attorney who represented the DOR. She is not an employee of the Massachusetts trial court and had no obligation to provide notice to Plaintiff of any case transfer.

Because there is no due process violation, there is no deprivation of a federal statutory or constitutional right. Without the denial of a federal right by one acting under color of state law,

---

[36] See Compl. ¶ 18 [#1].

[37] See Compl. ¶ 17 [#1].

[38] Philip Morris Inc. v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997); see Gen. Elec. Co. v. U.S. Envtl. Prot. Agency, 18 F. Supp. 2d 138, 141 (D. Mass. 1998) ("It is clear that a state agency is not an agency within the meaning of the Freedom of Information Act. Sections 551(1) and 552(f) of Title 5 define 'agency' as an agency within the Executive branch of the Government of the United States.").

7

the § 1983 claim, to the extent that it requests injunctive relief, must be dismissed.

IV.     Conclusion

For the foregoing reasons, the DOR and Shine's Motion to Dismiss the Complaint [#8] is ALLOWED and Plaintiff's Motion for an Injunction to Have DOR Disclose Public Records [#12] is DENIED.

AN ORDER HAS ISSUED.

      /s/ Joseph L. Tauro
    United States District Judge